WILLIAMS v. SUTTON et al.

(Circuit Court, N. D. Illinois, E. D. August 4, 1911.)

No. 29,236.

PATENTS (§ 328*)—ANTICIPATION—MEANS FOR PRODUCING AERIAL GYMNASTIC PERFORMANCES.

The Williams patent, No. 847,139, for means for producing aerial gymnastic performances, *held* void on evidence of prior public use of substantially the same combination of elements, all of which were old.

In Equity. Suit by Joseph J. Williams against John H. Sutton and others. Decree for defendants.

James H. Griffin and John G. Elliott, for complainant.
Banning & Banning, for defendants.

KOHLSAAT, Circuit Judge. Complainant brings suit to enjoin infringement of claims 1, 2, 4, 5, 6, and 7 of patent No. 847,139, for means for producing aerial gymnastic performances, issued to Joseph John Williams on March 12, 1907. Claim 6 fairly sets out the matter in issue. It reads as follows, viz.:

"In a device for the purpose described, a horizontal bar, means for raising, lowering, and suspending said bar in mid-air, a drum connected with said bar, means for actuating said drum and revolving the bar horizontally about a vertical axis, of suspending devices attached at or near the opposite ends of said bars, and depending below the same, and means whereby performers may suspend themselves by their mouth in mid-air therefrom, substantially as described."

The bar is sustained by a rope which passes through a swivel from which it depends, the ends whereof are respectively made fast on the bar at points at the bar ends, thus forming a triangle in appearance, of which the bar is the base. Near its upper angle the revolving device or drum is located. From each end of the bar depends a rope, provided with a mouthpiece, adapted to be held in and by the

mouth in such a manner as to enable the performer to support her or his body with no other means or aid. The whole device may be. raised or lowered by the use of pulleys. When lifted into the air the device is revolved by means of the drum, with the usual centrifugal effects. Both the patent and the evidence are engaged more particularly with the methods employed in producing scenic effects than with the mechanical arrangement of the device. What with the attractive accessories disclosed in the record and the silence perforce of the performers, a fairly popular spectacular act is produced.

No one of the elements of the device of the claims is new, and unless there is patentable novelty in the combination, as applied to the use to which it is put, there seems to be little invention in the combination. It was not new to lift performers into the air by means of pulleys and ropes. It was not new to provide means for . revolving any kind of an object in the air. It was not new to suspend oneself or others by means of a mouthpiece. It was not new to adjust a suspended rope so that a performer might wind the rope up and then untwist in such a manner as to whirl himself through the air. All these are old, and a part of every lively boy's experience, and the means for doing these stunts were always attainable, though somewhat crude. It was not new to support the ends of the bar. The prior art does not disclose the device of the patent in suit in connection with the suspension of performers by the mouth holds; thus enabling the free use of the rest of the body for other purposes. Nor is there any evidence that the bar, drum, suspension ropes, and mouth supports were ever used in combination before. This fact, together with the presumption arising from the grant of the patent and the favor with which the aerial acts produced upon it have been received by the public, might, in the absence of the evidence as to the prior art hereinafter referred to, be conceded that the device of the patent contains some degree of novelty of the patentable character, but at the best that must be deemed very slight.

The alleged infringing device is in all substantial respects the same as that of the patent in suit. It is claimed by defendant that he first used a large wheel, the original wheel being produced as an exhibit; that the mouth straps were fastened to the rim of the wheel; that the rim was provided with extensions constituting a groove in which the revolving rope was held; that performances were given on this wheel as early as 1901 and 1902 in China, Japan, the Philippines, Hawaii, and San Francisco, and also in other places. Numerous newspaper clippings are in evidence, taken from the newspapers in these various places, praising the performance of Miss Aimee Tasma, "when she revolves on an aerial wheel, holding by the teeth only." The original wheel also bears upon it the stamp of its place of manufacture; i. e., "Sydney." There is no reasonable doubt of the truth of this prior use. The evidence clearly establishes the above facts beyond a reasonable doubt. Defendant John H. Sutton himself has furnished the only evidence which casts doubt on the defense. His letters to his witness Steinburg are of a character to awake suspicion in the mind of one who reads them. He cautions his witness to avoid

calling attention to several features of his device. Notwithstanding, however, his devious course, the evidence aliunde is convincing. The subsequent adding of a bar under the wheel required no invention. The idea is the same. Either method keeps the bodies of the performers apart and performs the same services. The prior use being established, this suit must fail.

The cause is dismissed for want of equity.